```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
DWAIN LANCE WILLIAMS,                   :   12 Civ. 3908 (PAE) (JCF)
                                        :
               Plaintiff,               :       REPORT AND
                                        :     RECOMMENDATION
     - against -                        :
                                        :
COMMISSIONER DORA B. SCHRIRO, MAYOR:
BLOOMBERG, BENJAMIN CHU, NYC            :
Department of Health & Hospital         :
Corporation, CITY OF N.Y. D.O.C.,       :
and THE CITY OF NEW YORK,               :
                                        :
               Defendants.              :
- - - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:
```

Dwain Williams, proceeding pro se, moves pursuant to Rule 60 of the Federal Rules of Civil Procedure for relief from a judgment dismissing the action. I recommend denying the motion.

Background

On December 12, 2013, the Court dismissed the plaintiff's Amended Complaint without prejudice, granting the plaintiff leave to file a new amended complaint on or before January 31, 2014. Ivey v. City of New York, Nos. 12 Civ. 3580 et al., 2013 WL 6838954, at *9 (S.D.N.Y. Dec. 12, 2013). The court sent a copy of the judgment to the plaintiff at Clinton Correctional Facility, which was the plaintiff's last-known address. However, the prison returned the copy of the judgment to the court with notation "Paroled 07/08/2013 Unable to Forward."

On May 26, 2106, nearly three years later, the court received a letter from the plaintiff requesting a "disposition/decision" on

1

his case.  (Letter of Dwain Williams filed May 26, 2016).  On July 15, 2016, the court received another letter from the plaintiff requesting relief from the court's dismissal, citing Rule 60(b) of the Federal Rules of Civil Procedure.  (Letter of Dwain Williams dated July 6, 2016 ("July 6 Letter"), at 1-2,5).  In his letter, the plaintiff claimed that his nearly three year delay was due to his being hospitalized with endocarditis after his release from prison.  (July 6 Letter at 6).  Along with the letter, the plaintiff included a copy of a hospital discharge summary dated March 26, 2016.  (Discharge Summary dated March 26, 2016 ("Discharge Summary"), attached to July 6 Letter).

On August 4, 2016, I ordered the defendants to respond to the motion to vacate the judgment.  The motion is now fully submitted.

Discussion

Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  However, a motion under Rule 60(b) must be made within a reasonable time, and for clauses (1), (2), and (3), no more than a year after the entry of the judgment or order being challenged.  Fed. R. Civ. P. 60(c)(1).

An order vacating a final judgment is a "mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'"  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)).  Decisions pursuant to Rule 60(b) are within the sound discretion of the trial court.  Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009).

A.   Rule 60(b)(1)

In the July 6 letter, the plaintiff characterizes his lack of a response to the court's original order as "excusable neglect." (July 6 Letter at 5).  In defending his conduct, the plaintiff claims that he was unable to respond to meet the court's deadline because of his hospitalization.  (July 6 Letter at 6-7).

However, if I were to accept the plaintiff's characterization of his failure to respond to the order to amend as "excusable neglect," Rule 60(b)(1) would offer no remedy.  Motions under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order" from which the moving party is seeking relief.

Fed. R. Civ. P. 60(c)(1). Since the original order was entered in December 2013, relief under Rule 60(b)(1) is no longer available.

    B.    <u>Rule 60(b)(2)and(3)</u>

While the plaintiff assets no claims of new evidence or fraud, relief under either Rule 60(b)(2) or Rule 60(b)(3) would be similarly unavailable in light of the one year time limit of Rule 60(c)(1).

    C.    <u>Rule 60(b)(4)</u>

A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Grace v. Bank Leumi Trust Co. of New York</u>, 443 F.3d 180, 193 (2d Cir. 2006) (quoting <u>Texlon Corp. Manufacturers v. Hanover Commercial Corp.</u>, 596 F.2d 1092, 1099 (2d Cir. 1979)). The court here had both subject matter jurisdiction and personal jurisdiction over the parties. Thus, the question turns on whether the plaintiff's due process rights were violated.

While Mr. Williams never received a copy of the court's judgment, he was well aware that the action was ongoing and failed to update the court as to his current address. It is well established that all <u>pro se</u> plaintiffs have an obligation to inform the court and defendants of any change of address. <u>Christian v. Sposato</u>, No. 15 CV 6874, 2016 WL 3647869, at *1-2 (E.D.N.Y. July 1, 2016). Therefore, it was the failure of the plaintiff to pursue

4

his case diligently, rather than any violation of his due process rights, that led to his not being informed of the court's final decision.

Therefore, the plaintiff's may not attain relief under Rule 60(b)(4).

D.   60(b)(5)

Since the court's judgment has not been "satisfied, released, or discharged," Rule 60(b)(5) is not a ground for relief.

E.   Rule 60(b)(6)

Relief under Rule 60(b)(6) is not available "unless the asserted grounds for relief are not recognized in clauses (1)-(5)." In re Emergency Beacon Corp., 666 F.2d 754, 758 (2d Cir. 1981). Therefore, if I accept the plaintiff's characterization of his mistake as "excusable neglect," which falls under Rule 60(b)(1), then relief under Rule 60(b)(6) would be barred.

However, since the submissions of a pro se litigant "must be construed liberally and interpreted to raise the strongest arguments that they suggest," I will overlook the plaintiff's characterization and consider relief under Rule 60(b)(6). Triestman v. Federal Bureau of Prison, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis omitted).

Under this subsection of the Rule, relief may be granted for "any other reason justifying relief from the operation of the

5

judgment." Fed. R. Civ. P. 60(b)(6). However, this clause is properly invoked only when there are "extraordinary circumstances" justifying relief. In re Emergency Beacon Corp., 666 F.2d at 758.

In this case, the plaintiff has not demonstrated "extraordinary circumstances" that would justify relief under Rule 60(b)(6). The only evidence he offers is a hospital discharge summary from March 26, 2016, which mentions an endocarditis diagnosis from April 2014 as part of the patient's history. (Discharge Summary at 11). However, that diagnosis would have come at least two months after the deadline to amend the complaint had passed. The plaintiff offers no reason why he could not respond or follow up with his case during the period he had to submit a new amended complaint.

Therefore, relief under Rule 60(b)(6) is similarly unavailable.

Conclusion

For the forgoing reasons, I recommend that the plaintiff's motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A.

Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 13, 2016

Copies mailed this date:

Dwain Lance Williams
12-A-4095
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

Jonathan Pines, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, NY 10007