USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DWAIN LANCE WILLIAMS,

                                      Plaintiff,

            -v-

COMMISSIONER DORA B. SCHRIRO, et al.,

                                  Defendants.

------------------------------------------------------------------X

12 Civ. 3908 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

In 2012, *pro se* plaintiff Dwain Lance Williams brought this action under 42 U.S.C. § 1983, alleging that the mattress he was issued while incarcerated at the Rikers Island jail caused him severe pain. Williams's Amended Complaint was dismissed in December 2013; Williams was given leave to amend anew within 30 days before the dismissal became one with prejudice. Williams never amended. On May 26, 2016, Williams moved for relief from the dismissal, under Federal Rule of Civil Procedure 60.

Before the Court now is the October 13, 2016 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, Dkt. 63 ("Report"), recommending denial of Williams's motion. For the following reasons, the Court adopts the Report in full, and denies the motion.

I. **Background**

    A. **Facts Leading to the Dismissal of Williams's Claims**

The Court incorporates by reference the summary of the facts set out in the Court's December 12, 2013 decision dismissing Williams's claims, Dkt. 56 ("Decision") at 2–3. The

Court also adopts the facts recited in Judge Francis's Report, to which Williams has not specifically objected.

In brief, on May 16, 2012, Williams filed his initial Complaint. Dkt. 2. On May 22, 2012, the Court accepted this case as related to cases brought by other inmates at the Rikers Island jail raising similar claims under § 1983 regarding deficient mattresses. Dkt. 4. On June 5, 2012, the Court referred this case, like the related cases, to Judge Francis for general pretrial supervision and, as to motions to dismiss, a report and recommendation. Dkt. 11.

On January 29, 2013, Judge Francis issued a Report and Recommendation, recommending that the Court dismiss Williams's claims without prejudice to his ability to amend his Complaint. Dkt. 32. On March 27, 2013, the Court issued an Opinion and Order, adopting the Report and Recommendation. Dkt. 38. In the meantime, on February 19, 2013, Williams had filed an Amended Complaint. Dkt. 35.

On August 20, 2013, Judge Francis issued a second Report and Recommendation, recommending that the Court dismiss Williams's Amended Complaint, with leave to further amend it. Dkt. 54. On September 6, 2013, Williams filed an objection to Judge Francis's second Report and Recommendation. Dkt. 55. On December 12, 2013, the Court issued the Decision, adopting Judge Francis's second Report and Recommendation. Dkt. 56. The Decision gave Williams 30 days to amend his Amended Complaint, or face dismissal with prejudice. *Id.* However, Williams did not amend the Amended Complaint or otherwise communicate with the Court for more than two and one-half years.

### B. Williams's 2016 Motion to Vacate the Dismissal

On May 26, 2016, Williams wrote a letter to Judge Francis, Dkt. 57, and on July 15, 2016, filed a letter with this Court, Dkt. 58. He sought an additional opportunity to pursue his

claims, notwithstanding the Court's December 2013 directive that, to avoid dismissal with prejudice, any amendment was due within 30 days.

On August 14, 2016, Judge Francis issued an order, construing Williams's letter as a motion for relief pursuant to Rule 60(b), and setting a briefing schedule. Dkt. 59. On August 30, 2016, defendants filed a letter opposing Williams's motion, Dkt. 60, and on September 12, 2016, Williams replied, Dkt. 62.

On October 13, 2016, Judge Francis issued the Report. In brief, Judge Francis found insufficient factual allegations to support excusing Williams from his duty to amend within a timely fashion. Although Williams referred to having had certain medical conditions, Judge Francis noted that Williams had not alleged medical diagnoses or periods of hospitalization that would have excused his failure to amend. *See* Report at 3–6. Judge Francis recommended that the Court deny Williams's motion. *Id.* at 6–7.

On October 27, 2016, Williams filed a four-page document stating that he objected to the Report, and "reiterat[ing] my Contentions." *See* Dkt. 64 (the "Objections" or "Obj.") at 1.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate's findings, the district court must make a *de novo* determination as to those findings. *Id.* § 636(b)(1). However, if a party "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order). And, while *pro se* parties are, as

always, treated leniently in making objections, their objections to a Report "must be specific and clearly aimed at particular findings." *Id.*

The Court has carefully reviewed Williams's Objections. The Court has assessed whether these go beyond conclusory or general objections. They do not. The Court has also considered whether Williams's Objections contain concrete new factual allegations consistent with his prior pleadings and submissions, in which the case the Court, in deference to Williams's status as a *pro se* litigant, was prepared to consider them. However, even liberally construing the factual representations in his Objections, Williams does no more than elaborate, slightly, upon the nature of the medical conditions for which he was treated. These allegations, even as refined, do not refute, or contend with, the central basis on which Judge Francis recommended denying Williams's motion to vacate—namely, the absence of factual circumstances justifying Williams' failure to timely amend. They do not, for example, allege that Williams was incapacitated to the point where he was prevented from "respond[ing] or follow[ing] up with this case during the period he had to submit a new amended complaint." Report at 6.

Careful review of Judge Francis's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Court would reach this same conclusion whether it reviewed the Report *de novo* or for clear error.

## CONCLUSION

For the reasons articulated in the Report, the Court denies Williams's motion. The dismissal of Williams's Amended Complaint remains with prejudice. The Clerk of Court is directed to close this case.

The Court directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

                                                   *Paul A. Engelmayer*
                                                   Paul A. Engelmayer
                                                   United States District Judge

Dated: December 5, 2016
       New York, New York